■ KENNILWOOD OWNERS ASSOCIATION, INC., Appellant, v. IRVING SPANIER et al., Respondents.— In an action for a declaratory judgment and injunctive relief with respect to plaintiff's swimming pool facilities, plaintiff appeals from an order of the Supreme Court, Nassau County, dated May 24, 1972, which denied plaintiff's motion to declare a settlement stipulation null and void. Order affirmed, with $20 costs and disbursements. No opinion. Latham, Shapiro and Benjamin, JJ., concur; Hopkins, Acting P. J., dissents and votes to reverse the order and to grant plaintiff's motion, with the following memorandum, in which Christ, J., concurs: Plaintiff sued for a judgment declaring that defendants have no right to the use of plaintiff's pool facilities. Issue was joined and the case appeared on the calendar for trial. Before the case was reached for trial, a stipulation of settlement was dictated to a court stenographer by counsel for the parties in the chambers of the Justice sitting in the term where the case was to be tried. The transcript discloses that plaintiff's president and defendants assented orally to the stipulation, but the stipulation was not subscribed by either counsel or by any of the parties. The Justice was not present during this time. The issue raised by plaintiff to which I address myself is whether the oral stipulation dictated to the court stenographer is valid. "An agreement between parties or their attorneys relating to any matter in an action, other than one made between counsel in open court, is not binding upon a party unless it is in a writing subscribed by him or his attorney or reduced to the form of an order and entered" (CPLR 2104). Under the facts here the stipulation is not binding, unless it can be found to have been made "in open court". I do not believe that it was. "An open court is not a 'judge in chambers', in the technical sense of that phrase, and it is neither a Judge nor a clerk acting in his proper person anywhere, whether in the courtroom or elsewhere (3 Bouvier's [Law Dictionary, 1941 ed.] *op. cit., supra,* p. 2414)" (*Matter of Dolgin Eldert Corp.,* 31 N Y 2d 1, 5). "Particularly, the open court exception * * * does not extend to a conference in a Judge's chambers, even in these days of judicial intervention in settlement negotiations [citing cases]" (*Matter of Dolgin Eldert Corp., supra,* pp. 9–10). In the context of

this case, it may be considered that the stipulation should be enforced and that the absence of the Justice from his chambers and the lack of the physical appearance of a courtroom at the time of the dictation of the stipulation are simply empty rituals, characteristic of the sterile formalism of the past. Nevertheless, where a statute clearly imposes a procedure governing the validity of an act out of which new jural relations arise, we must read the statute narrowly to give effect to the intent of the Legislature (cf. *Matter of Warren*, 16 A D 2d 505, 507, affd. 12 N Y 2d 854). An oral agreement, the lawmakers might well consider, assumes heightened solemnity and a greater sense of finality in the presence of the Judge and the trappings of a courtroom. Here the parties did not act in open court and the settlement of the case could not be made orally. I vote therefore to reverse the order and to grant plaintiff's motion.